# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| In re Application of<br><br>G+ COMMUNICATIONS, LLC,<br><br>Applicant<br><br>For An Order Pursuant To<br>28 U.S.C. § 1782 To Conduct Discovery For<br>Use In A Foreign Proceeding | Civil Action No. 2:22-mc-00003-JRG-RSP |

**SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR LEAVE TO INTERVENE IN G+ COMMUNICATIONS'** ***EX PARTE*** **APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

## I.     INTRODUCTION

Samsung Electronics America, Inc. ("Samsung") respectfully moves for leave to intervene in this action which G+ Communications, LLC ("GComm") brought under 28 U.S.C. § 1782 to obtain discovery for use in a case pending in Brazil (Case No. 0081472-49.2022.8.19.0001) against Samsung Eletrônica Da Amazônia, Ltd. ("SEDA") including a corresponding appeal by SEDA (Interlocutory Appeal No. 0031565-11.2022.8.19.0000) and action before the Brazilian Patent Office (No. 5046514-82.2022.4.02.5101) (together, the "Brazilian Litigation").

## II.    SAMSUNG SHOULD BE PERMITTED TO INTERVENE AS OF RIGHT

GComm's application seeks intrusive discovery into highly confidential Samsung information, and Samsung is entitled to intervene in this proceeding as of right. A movant is entitled to intervene in an action if:

> (1) the application for intervention is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may impair or impede his ability to protect that interest; and (4) the applicant's interest is inadequately represented by the existing parties to the suit.

*See Uniloc 2017 LLC v. AT&T Mobility LLC,* No. 2:18-CV-00514-JRG, 2019 WL 1773117, at *1 (E.D. Tex. Apr. 23, 2019) (citing *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2017)); Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) should be "'liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'" *Uniloc,* 2019 WL 1773117, at *1 (citations omitted).

Samsung meets the requirements for intervention as of right. First, Samsung's motion is timely as Samsung promptly acted upon notice of GComm's *ex parte* application. When evaluating timeliness courts consider the totality of circumstances and several factors, including the length of time the would-be intervenor knew or reasonably should have known of its interest

1

in the case before intervening and the prejudice the existing parties may suffer as a result for any delay in the would-be intervenor's action. *Id*. at *2 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996)).  Samsung notified the Court and GComm of its intention to intervene just two days after service of GComm's application. Dkt. No. 4.  This motion to intervene is being filed less than three weeks after Samsung was served with the application.  Samsung's opposition to GComm's application is being filed simultaneously with this motion, so allowing Samsung to intervene will cause no delay and thus no prejudice to GComm.

Second, Samsung has an interest in the subject of the *ex parte* application because GComm's requested discovery would require Samsung to produce its confidential business information.  "The interest must be 'direct, substantial, [and] legally protectable,' and 'go[ ] beyond a generalized preference that the case come out a certain way.'" *Uniloc,* 2019 WL 1773117, at *2 (citations omitted).

Third, Samsung is so situated that the disposition of the action may impair or impede its ability to protect its interests.  If it is not permitted to intervene, it could be forced to disclose confidential and privileged information and compromise confidential business records, causing irreparable harm without even having had the opportunity to be heard.  GComm's requests seek highly invasive discovery into, for example, Samsung's licensing practices (Proposed RFP No. 19; Proposed Dep. Topic No. 16), the identities of Samsung's past and present customers (Proposed RFP Nos. 12-15), and Samsung's supply contracts (Proposed RFP No. 18). Dkt. No. 1-2 (Ex. A, GComm's Discovery Request).

Lastly, Samsung's interest is inadequately represented by the existing parties to the suit because GComm is the only party in the action and its interests are adverse to Samsung's.  "This burden is 'minimal' and 'is satisfied if the applicant shows that the representation of his interest

'*may* be' inadequate.'" *Uniloc,* 2019 WL 1773117, at *4 (citations omitted) (emphasis added).

Therefore, Samsung easily meets this requirement for intervention as of right.[1]

### III. CONCLUSION

For the above reasons, Samsung respectfully requests the court GRANT its motion for leave to intervene in GComm's *ex parte* application for discovery for use in a court proceeding in Brazil pursuant to 28 U.S.C. § 1782.

---

[1] Though Samsung meets the requirements for intervention as of right, to the extent the Court finds otherwise, Samsung requests that the Court exercise its discretion to permit Samsung's intervention pursuant to Rule 24(b).  Courts may permit intervention under Rule 24(b) if "(1) the intervenor has a claim or defense that shares a common question of law or fact with the main action, and (2) granting intervention will not unduly delay or prejudice the existing parties to the suit." *Uniloc,* 2019 WL 1773117, at *5 (citing Fed. R. Civ. P. 24(b)).  Samsung opposes the issuance of discovery that would force Samsung to produce its confidential information, which is the exact question at issue in the main action.  In addition, as noted, granting intervention will not cause delay or prejudice GComm because Samsung's arguments as to why GComm's application should be denied are presented simultaneously with the intervention request.

Dated: June 30, 2022

Respectfully submitted,

*/s/ Melissa Richards Smith*
Melissa Richards Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

FISH & RICHARDSON P.C.

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com

Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com

Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com

Linhong Zhang
DC Bar No. 982341
lwzhang@fr.com

Kenton W. Freeman, Jr.
DC Bar No. 1671507
will.freeman@fr.com

Sun Young Park
NY Bar No. 5412739
apark@fr.com

Julianne Campbell
DC Bar No. 1766159
jcampbell@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel:  (202) 783-5070
Fax:  (202) 783-2331

Leonard Davis
Texas Bar No. 05521600
ldavis@fr.com

4

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com

Rodeen Talebi
Texas Bar No. 24103958

talebi@fr.com
1717 Main Street, Suite 5000
Dallas, TX 78766
Tel  (214) 747-5070
Fax (214) 747-2091


John Thornburgh
CA Bar No. 154627
thornburgh@fr.com

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel (858) 678-5070


***Counsel for Intervenor***
*SAMSUNG ELECTRONICS AMERICA, INC.*

5

**CERTIFICATE OF SERVICE**

This is to certify that on June 30, 2022, a true and correct copy of the foregoing instrument was delivered to all counsel of record through the court electronic system.

*/s/ Melissa Richards Smith*