IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| In Re Application of<br><br>G+ Communications LLC,<br><br>Applicant,<br><br>For an Order Pursuant To<br>28 U.S.C. § 1782 To Conduct Discovery<br>For Use In A Foreign Proceeding | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Case No. 2:22-MC-0003-JRG-RSP |

## MEMORANDUM ORDER

Before the Court, G+ Communications LLC ("GComm") applies *ex parte* for judicial assistance pursuant to 28 U.S.C. § 1782(a) for an order permitting discovery upon Samsung Electronics America, Inc. ("SEA") for use in Brazilian litigation[1] between GComm and Samsung Electronica Da Amazonia ("SEDA"). Dkt. No. 1. The Court found insufficient cause to proceed *ex parte* and ordered GComm to notify SEA of the application. Dkt. No. 2. Thereafter, SEA moved to intervene, which the Court granted, Dkt. Nos. 4, 6, and filed a response to GComm's § 1782(a) application, Dkt. No. 7. The undersigned then heard oral arguments on the application. Dkt. No. 22.

The Court may grant a § 1782(a) application if the statutory prerequisites are satisfied and if discretionary factors favor assistance. *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 321 (5th Cir. 2015) (citing *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 (5th Cir.2010) and *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

---

[1] Case No. 0081472-49.2022.8.19.0001 and corresponding Interlocutory Appeal No. 0031565-11.2022.8.19.0000

The statutory prerequisites to § 1782(a) assistance include: (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign of international tribunal or any interested person. *Bravo Express*, 613 F. App'x at 322 (citing *Tex. Keystone, Inc. v. Prime Natural Res., Inc.,* 694 F.3d 548, 553 (5th Cir.2012)). SEA's response does not address the statutory prerequisites. Nonetheless, we conclude that the statutory prerequisites have been satisfied. SEA has an office in Plano, Texas within the Eastern District of Texas, the discovery request is for use proceedings before a Brazilian court, and GComm as plaintiff in the Brazilian litigation is an interested person.

The Supreme Court in *Intel* directed lower courts ruling on request under § 1782(a) to consider the following discretionary factors: (1) "whether the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the discovery request within the § 1782(a) application is "unduly intrusive or burdensome." 542 U.S. at 264-65. Addressing these factors, first, SEA is not a participant in the foreign proceeding, strictly speaking, but it is closely related to SEDA. Second, regarding "receptivity," the expert declarations indicate that the Brazilian court would likely consider any evidence obtained by Applicant through this request. Third, however, there is also evidence that this request is an "attempt to circumvent foreign proof-gathering restrictions." Key to this issue is the extent to which SEA has been involved in the design and development of the products accused in the Brazilian litigation. If it has been involved, and

assuming it is not subject to the jurisdiction of the Brazilian court for discovery, then it may not be unfair to require it to respond to discovery under § 1782(a).  Fourth, the extent to which the requests are "intrusive or burdensome" is closely related to the involvement of SEA with the accused products.  In other words, if discovery that should be directed solely to SEDA is redirected to SEA only because the Brazilian court is not allowing discovery of SEDA, the burden of the requests is more likely unfair.

To allow the Court to better evaluate these issues, the Application will be granted to a limited extent.  Applicant will be permitted to take a deposition of SEA under Rule 30(b)(6), not to exceed 6 hours, on the topic of any involvement of SEA in the design or development, broadly understood, of the products accused in the Brazilian litigation.  This deposition would just be related to the technical issues of the products, as opposed to the financial issues, because Applicant has not shown a need for the financial discovery at this time.  Within 20 days after the completion of this deposition, Applicant may file a supplemental brief, not to exceed 20 pages, addressing all issues of the Application and attaching relevant portions of the deposition transcript.  Respondent may file a responsive brief within 14 days thereafter.

**SIGNED this 31st day of August, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE